| | | |
|---|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | Case No.: 17-cv-4347 |
| | ) | |
| **FREDDIE'S INC., d/b/a FABULOUS** | ) | Equitable and legal relief sought |
| **FREDDIES ITALIAN EATERY**, | ) | |
| a corporation, and **STEPHANIE FITZPATRICK**, | ) | |
| an individual, | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of

Labor, brings this action to enjoin Defendants, **FREDDIE'S INC., d/b/a FABULOUS**

**FREDDIES ITALIAN EATERY**, a corporation, and **STEPHANIE FITZPATRICK**, an

individual, (hereinafter collectively "Defendants"), from violating the provisions of sections 6, 7,

11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, et seq.),

(hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage

and overtime compensation owing to Defendants' employees, together with an equal amount as

liquidated damages, pursuant to sections 16(c) and 17 of the Act.

### I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act

and 28 U.S.C. § 1345.

### II

(A)     Defendant **FREDDIE'S INC., d/b/a FABULOUS FREDDIES ITALIAN**

**EATERY**, is and, at all times hereinafter mentioned, was a corporation with an office and place

of business within Cook County at 701 W. 31st Street, Chicago, IL 60616, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the operation of a restaurant.

(B)    Defendant **STEPHANIE FITZPATRICK**, an individual, is and, at all times hereinafter mentioned, was a part-owner engaged in business within Cook County at 701 W. 31st Street, Chicago, IL 60616.  At all times hereinafter mentioned, Stephanie Fitzpatrick acted directly or indirectly in the interest of **FREDDIE'S INC.**, **d/b/a FABULOUS FREDDIES ITALIAN EATERY**, in relation to its employees, actively managing its day-to-day operations and supervising employees, and is an employer within the meaning of section 3(d) of the Act.

### III

Defendant **FREDDIE'S INC.**, **d/b/a FABULOUS FREDDIES ITALIAN EATERY**, is and, at all times hereinafter mentioned, was an enterprise engaged in related activities performed through unified operation or common control for a common business purpose within the meaning of section 3(r) of the Act.

### IV

Defendant **FREDDIE'S INC.**, **d/b/a FABULOUS FREDDIES ITALIAN EATERY**, is and, at all times hereinafter, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## V

Defendants repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, by paying many of their employees' wages at rates less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid. Specifically, Defendants paid certain employees a "training rate" of less than $7.25 per hour until the employees proved proficient and competent in their jobs.

## VI

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Defendants paid employees their overtime hours in cash and required employees to use separate timesheets for hours worked after 40 in a workweek.

## VII

Defendants repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. § 516. Specifically, Defendants failed to make and keep records of all employees' addresses and failed to provide proof of age for a minor.

**VIII**

During the period since May 26, 2015, Defendants have repeatedly violated the minimum wage and recordkeeping provisions of the Act. During the period since December 29, 2014, Defendants have also repeatedly and willfully violated the overtime provisions of the Act. A judgment which enjoins and restrains these violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

(a)     For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b)     For an Order

(1)     pursuant to section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2)     pursuant to section 17 enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid minimum wages and overtime compensation found to be

due Defendants' employees and pre-judgment interest computed at the underpayment rate

established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

      (c)     For an Order awarding Plaintiff the costs of this action; and

      (d)     For an Order granting such other and further relief as may be necessary or

appropriate.

**NICHOLAS C. GEALE**
Acting Solicitor of Labor

P.O. Address:                              **CHRISTINE Z. HERI**
Office of the Solicitor              Regional Solicitor
U.S. Department of Labor
230 S. Dearborn Street, Suite 844
Chicago, IL 60604                 /s/ Catherine L. Seidelman
                                   **CATHERINE L. SEIDELMAN**
                                   **Attorney Bar ID # 6306193 (IL)**

Telephone: (312) 353-4995        Attorneys for R. Alexander Acosta,
Fax: (312) 353-5698               Secretary of Labor
Email: seidelman.catherine@dol.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **COMPLAINT** has been served on the below-named individuals this 9th of June, 2017, by sending said copy by certified mail, as well as a courtesy copy via e-mail, to:

>Michael A. Kuczwara, Jr., Esq.
>Laner Muchin
>515 North State Street, Suite 2800
>Chicago, IL 60654
>mkuczwara@lanermuchin.com

/s/ Catherine L. Seidelman
**CATHERINE L. SEIDELMAN**
Trial Attorney