## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 17-cv-04347 |
| | ) | |
| **FREDDIE'S INC., d/b/a FABULOUS** | ) | |
| **FREDDIES ITALIAN EATERY**, | ) | Judge Amy J. St. Eve |
| a corporation, and **STEPHANIE FITZPATRICK**, | ) | Magistrate Judge M. David Weisman |
| an individual, | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor ("Plaintiff"), having filed his Complaint and Defendants **FREDDIE'S INC., d/b/a FABULOUS FREDDIES ITALIAN EATERY**, a corporation, and **STEPHANIE FITZPATRICK**, an individual, (collectively, "Defendants"), having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this Consent Judgment without contest. Now, therefore, upon motion for the attorneys for Plaintiff and Defendants, and for cause shown:

Defendants hereby admit and the Court finds that Defendant **FREDDIE'S INC., d/b/a FABULOUS FREDDIES ITALIAN EATERY** is and, at all times hereinafter mentioned, was an enterprise or comprised an enterprise engaged in commerce within the meaning of sections 3(r) and 3(s)(1)(A) of The Fair Labor Standards Act ("the Act"). 29 U.S.C. §§ 203(r), 203(s)(1)(A).

Defendants hereby admit and the Court finds that Defendant **STEPHANIE FITZPATRICK** is an employer under section 3(d) of the Act. 29 U.S.C. § 203(d).

**NOW**, therefore, upon motion for the attorneys for Plaintiff and Defendants, and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to sections 16(c) and 17 of the Act as follows.

**IT IS HEREBY ORDERED AND ADJUDGED,** pursuant to section 17 of the Act, that the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners.

**I**

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act), or $4.25 per hour for employees under 20 years of age during the first 90 consecutive days of their initial employment by their employer.

**II**

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless

such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed.

## III

Defendants shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516. The records maintained by Defendants shall also include employees' addresses and the dates of birth of minors.

## IV

A.     Defendants shall ensure that all of their employees are properly classified and are paid in accordance with sections 6 and 7 of the Act.

B.     Defendants shall post FLSA posters in English and Spanish at Freddie's, Inc. d/b/a Fabulous Freddies.

C.     Defendants shall not use more than one time card per employee per day.

D.     Defendants shall ensure each employee's regular rate is properly computed for overtime compensation purposes.

## V

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of Plaintiff and against Defendants in the total amount of **$339,418.98** as specified in detail below:

A.     Defendant Freddie's Inc. shall pay to the Plaintiff the gross sum of **$169,709.49**, less amounts for legal deductions specified in the schedule referenced in Paragraph V(C)(1) herein, which represents the unpaid minimum wage and overtime compensation hereby found to

be due, for the period December 29, 2014 through June 12, 2016, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

B.     Defendant Freddie's Inc. shall further pay to Plaintiff as liquidated damages the additional sum of **$169,709.49**, hereby found to be due, for the period December 29, 2014 through June 12, 2016, to the present and former employees named in Exhibit A in the amounts set forth therein.

C.     The monetary provisions of this judgment shall be deemed satisfied, upon Defendants' delivery to Plaintiff's representative of the following:

1.     A schedule in duplicate showing the full name, last-known address, Social Security Number, gross amount of wages due, amounts deducted from gross wages for employees' share of Social Security and withholding taxes, the net amount, gross amount of liquidated damages, and total amount due for each employee named in Exhibit A. These deductions shall be paid by Defendants to the appropriate State and Federal revenue authorities and appropriate proof of such payment shall be made available to Plaintiff by Defendants. Defendant Freddie's, Inc. remain responsible for paying its share of any applicable taxes to the appropriate State and Federal revenue authorities.

2.     Two separate certified checks or cashier's checks payable to "Wage and Hour Div., Labor," shall be sent to U.S. Department of Labor, Wage and Hour Division, 230 S. Dearborn St., Room 412, Chicago, IL 60604.  One check shall contain the net amount of wages due, and the other check shall contain the gross amount of liquidated damages.

3.     Plaintiff shall distribute the checks referred to in paragraph (2) hereof, or the proceeds thereof, to the persons named in Exhibit A attached hereto, or to their estates, if that

be necessary, and any amounts of unpaid minimum wage, overtime compensation or liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.  Defendant Freddie's Inc. remains responsible for paying its share of any applicable taxes to the appropriate State and Federal revenue authorities.

4.      Defendant Freddie's Inc. shall issue for 2017, IRS Form W-2s to each employee listed in Exhibit A for back pay in the amount specified for that employee, and IRS Form 1099s for liquidated damages specified for that employee.

**VI**

Plaintiff shall distribute the proceeds of the checks referred to in Paragraph V hereof (less the deductions provided therein to the persons enumerated in Exhibit A or to their estates, if that be necessary and any amounts of unpaid compensation and liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be converted into the Treasury of the United States as miscellaneous receipts.

**VII**

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone

else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the Act.

## VIII

Defendants dispute that the alleged violations constitute repeat or willful violations.

## IX

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bears its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

**SO ORDERED.**

      **DATED:  December 1, 2017**

**AMY J. ST. EVE**
UNITED STATES DISTRICT COURT
JUDGE

The parties hereby consent to the entry of this Consent Judgment:

**FREDDIE'S INC. d/b/a FABULOUS FREDDIES ITALIAN EATERY,** and **STEPHANIE FITZPATRICK,** an individual

**NICHOLAS C. GEALE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Stephanie Fitzpatrick
**STEPHANIE FITZPATRICK, on behalf of FREDDIE'S INC. d/b/a FABULOUS FREDDIES ITALIAN EATERY**

/s/ Catherine L. Seidelman
**CATHERINE L. SEIDELMAN**
Attorney

/s/ Stephanie Fitzpatrick
**STEPHANIE FITZPATRICK**

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, 8th Floor
Chicago, IL 60604
Telephone: 312-353-4995
Facsimile: 312-353-6598
Email: seidelman.catherine@dol.gov

/s/ Michael A. Kuczwara, Jr.
**MICHAEL A. KUCZWARA, JR.**

/s/ Antonio Caldarone
**ANTONIO CALDARONE**

Laner Muchin
515 North State Street
Chicago, IL 60654
Telephone: 312-467-9800
Facsimile: 312-467-9479
Email: mkuczwara@lanermuchin.com
acaldarone@lanermuchin.com

Attorneys for **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, Plaintiff.

Attorneys for Defendants.

**EXHIBIT A**

**DAMAGES OWED**

|  | Employee | Back Wages | Liquidated Damages | Total |
|---|---|---|---|---|
| 1 | Juan Ambriz | $8,177.11 | $8,177.11 | $16,354.22 |
| 2 | Daniel Armenia | $128.93 | $128.93 | $257.86 |
| 3 | Margarito Arroyo | $80.57 | $80.57 | $161.14 |
| 4 | Michael Ausmus | $45.15 | $45.15 | $90.30 |
| 5 | Diego Avelar | $26.55 | $26.55 | $53.10 |
| 6 | Josh Birnbaum | $91.53 | $91.53 | $183.06 |
| 7 | Juan Bobadilla | $147.18 | $147.18 | $294.36 |
| 8 | Victor Cardenas | $7,027.09 | $7,027.09 | $14,054.18 |
| 9 | James Ensworth | $353.80 | $353.80 | $707.60 |
| 10 | Ricardo Esparza | $46.69 | $46.69 | $93.38 |
| 11 | Jayme Fehil | $7,963.59 | $7,963.59 | $15,927.18 |
| 12 | Tricia Fitzpatrick | $112.49 | $112.49 | $224.98 |
| 13 | Eduardo Galvez | $616.14 | $616.14 | $1,232.88 |
| 14 | Rosa Galvez | $2,939.14 | $2,939.14 | $5,878.28 |
| 15 | David Garcia | $211.79 | $211.79 | $423.58 |
| 16 | Rene Garcia | $18,439.57 | $18,439.57 | $36,879.14 |
| 17 | Emily Gioia | $2,158.24 | $2,158.24 | $4,316.48 |
| 18 | Natalie Gorman | $328.67 | $328.67 | $657.34 |
| 19 | Juan Gutierrez | $146.41 | $146.41 | $292.82 |
| 20 | Alejandro Guzman | $5,889.47 | $5,889.47 | $11,778.94 |
| 21 | Tonia Harding | $311.22 | $311.22 | $622.44 |
| 22 | James Hawes | $36.43 | $36.43 | $72.86 |
| 23 | Alejandro Jimenez | $95.31 | $95.31 | $190.62 |
| 24 | Jaqueline Klabish | $77.33 | $77.33 | $154.66 |
| 25 | Luis Leal | $3,467.02 | $3,467.02 | $6,934.04 |
| 26 | Jennifer Lopez | $889.08 | $889.08 | $1,778.16 |
| 27 | Angel Martinez | $9,830.43 | $9,830.43 | $19,660.86 |
| 28 | Luis Martinez | $5,603.14 | $5,603.14 | $11,206.28 |
| 29 | Oliva Martinez | $4,933.95 | $4,933.95 | $9,867.90 |
| 30 | Paul McCarthy | $22.95 | $22.95 | $45.90 |
| 31 | Jose Medina | $11,272.07 | $11,272.07 | $22,544.14 |
| 32 | Alfredo Mendez | $112.80 | $112.80 | $225.60 |
| 33 | Jack Micetich | $190.27 | $190.27 | $380.54 |
| 34 | Martin Morales | $7,781.66 | $7,781.66 | $15,563.32 |
| 35 | Brianna Neuman | $77.82 | $77.82 | $155.64 |
| 36 | Erica Parelli | $220.12 | $220.12 | $440.24 |
| 37 | Iker Daniel Perez | $1,939.85 | $1,939.85 | $3,879.70 |
| 38 | Ivan Perez | $24.82 | $24.82 | $49.64 |
| 39 | Jose Perez | $15,945.98 | $15,945.98 | $31,891.96 |

| 40 | Robert Pickert | $180.59 | $180.59 | $361.18 |
|----|----------------|---------|---------|---------|
| 41 | Thomas Robles | $405.86 | $405.86 | $811.72 |
| 42 | Guadalupe Manuel Rodriguez | $10,343.74 | $10,343.74 | $20,687.48 |
| 43 | Israel Rodriguez | $128.70 | $128.70 | $257.40 |
| 44 | Mary Kate Rowland | $271.25 | $271.25 | $542.50 |
| 45 | Jose Luis Saldana | $7,976.97 | $7,976.97 | $15,953.94 |
| 46 | Michael Salgado | $1,691.73 | $1,691.73 | $3,383.46 |
| 47 | Octavio Salinas | $185.36 | $185.36 | $370.72 |
| 48 | Amanda Sillman | $949.79 | $949.79 | $1,899.58 |
| 49 | Manuel Sotelo | $71.86 | $71.86 | $143.72 |
| 50 | Sever Vlad Strengue | $98.22 | $98.22 | $196.44 |
| 51 | Marcos Torres | $155.30 | $155.30 | $310.60 |
| 52 | Inocencio Velis | $608.34 | $608.34 | $1,216.68 |
| 53 | Miguel Venegas | $741.16 | $741.16 | $1,482.32 |
| 54 | Jose Villiacana | $18,006.44 | $18,006.44 | $36,012.88 |
| 55 | Raymundo Villiacana | $7,935.80 | $7,935.80 | $15.871.60 |
| 56 | Edward West | $112.47 | $112.47 | $224.94 |
| 57 | Dustin Zurawski | $578.93 | $578.93 | $1,157.86 |
| 58 | Megan Zurawski | $1,504.32 | $1,504.32 | $3,008.64 |
|    | Totals | $169,709.49 | $169,709.49 | |

**Total: 339,418.98**